(June 11, 1903.)

## WALLING v. BOWN.

[72 Pac. 960.]

JUDGMENT ON PLEADINGS.

1. Pleadings examined and held, that there are not sufficient undisputed facts standing alone to entitle plaintiff to a judgment thereon.

2. When a party moves for judgment on the pleadings he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary.

(Syllabus by the court.)

APPEAL from District Court of Elmore County. Honorable Kirtland I. Perky, Judge.

From a judgment on the pleadings in favor of the plaintiff as prayed for in the complaint, defendants appeal. Reversed.

Wyman & Wyman and Rice & Thompson, for Appellants.

The motion for judgment on the pleadings admitted the truth of all the facts averred in the answer. "The motion for judgment on the pleadings confesses the facts to be as there stated and is equivalent to a general demurrer to the answer." (*Taylor v. Palmer*, 31 Cal. 240; 11 Ency. of Pl. & Pr. 1046.)

Hawley & Puckett and Daniel McLaughlin, for Respondent, cite no authorities upon the point decided.

AILSHIE, J.—This action was commenced in the probate court of Elmore county, and defendants, Charles Bown and L. L. Ormsby, filed a general demurrer which was, presumably, overruled and an answer was thereafter filed. The cause went to trial and judgment was entered in favor of the plaintiff. Defendants appealed to the district court and the record recites that "the original complaint was amended and the amended answer was filed by leave of the court"; but the record does not contain anything purporting to be an amended complaint.

After the amended answer was filed the plaintiff moved the court for judgment on the pleadings, which motion was granted, and judgment was thereupon entered in favor of plaintiff as prayed for in the complaint. This appeal is from the judgment so made and entered.

This action was sought to be prosecuted under the provisions of sections 1210 and 1211 of the Revised Statutes, commonly designated throughout this state as the "two mile limit law." After a careful examination and analysis of the complaint and answer, I am convinced that the pleadings in this case do not contain sufficient material facts standing alone, undisputed, to entitle plaintiff to a judgment thereon. I have not arrived at this conclusion from any construction of my own placed upon sections 1210 and 1211, *supra;* but have rather tested these pleadings by the construction placed upon said sections by this court in *Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785, and *Sweet v. Ballentine,* 8 Idaho, 431, 69 Pac. 995.

When the plaintiff moved for judgment on the pleadings, he not only, for the purposes of his motion, admitted the truth of all the allegations of the answer, but he must also be deemed to have admitted the untruth of all his own allegations which defendants had denied. The record in this case is by no means satisfactory. Viewed in the light of the statutes and decisions *supra,* it would be difficult to say that the complaint before us would support a judgment, and the answer is by no means clear as to some of the facts—whether it is intended to admit or deny them.

The judgment should be reversed and cause remanded. It is so ordered. Costs awarded to appellants.

Sullivan, C. J., and Stockslager, J., concur.