(January 7, 1904.)

## PHIPPS v. GROVER.

[75 Pac. 64.]

SHEEP—HERDING AND GRAZING—DISTINGUISHED FROM DRIVING.

1. Under section 1210, Revised Statutes, which provides that "It is not lawful for any person owning or having charge of sheep to herd the same, or permit them to be herded on the land or possessory claims of other persons, or to herd the same or permit

them to graze within two miles of the dwelling-house of the owner or owners of such possessory claim," it is not unlawful to drive sheep through the state or from one place to another, or from one range to another within the state, even though in so doing they pass within two miles of the dwelling-house of a settler.

2. Driving sheep from one range to another is not "herding" them, nor is the occasional eating of grass as they go or while stopped for needed rest "grazing," as contemplated by the lawmakers when enacting the above statute.

3. Evidence examined and *held* insufficient to support the judgment in this case.

(Syllabus by the court.)

APPEAL from District Court, Washington County. Honorable George H. Stewart, Judge.

Action by plaintiff for damages sustained on account of the herding and grazing of defendant's sheep within two miles of the dwelling-house of one of the plaintiffs. From a judgment for plaintiffs and an order denying a motion for a new trial defendant appeals. Reversed.

The facts are stated in the opinion.

Frank Harris, for Appellant, cites no authorities upon the point decided by the court.

L. L. Burtenshaw, for Respondents, cites no authorities on the point decided.

AILSHIE, J.—This is an appeal from a judgment for one dollar damages and two dollars costs. It has traveled all the way from the justice's court of Washington county via the district court of the third district, but shows no evidence of fatigue nor loss of energy or vitality. From the length of the briefs one would infer that it must have had succor and comfort from generous counsel.

The action was prosecuted under sections 1210 and 1211 of the Revised Statutes, commonly designated throughout this state as the "two-mile limit law." The record discloses that on the nineteenth day of May, 1902, at the precinct of Council in Washington county, the defendant was driving about one

thousand ewes, together with their lambs, across the open country to reach a summer range—the foothills beyond. The lambs were all very young, many of them being less than twelve hours old. Early in the morning they came within two miles of the dwelling-house of the plaintiff, William Phipps, and drove across the unoccupied public lands, passing beyond the two-mile limit on the opposite side that afternoon. Sometime before noon they halted to let the fatigued and weak ewes and lambs rest, and the herders prepared and ate their dinner. During the stop the sheep scattered out over a space about two hundred and fifty yards wide and some rested while others picked the grass nearby. Soon after the noon hour the band moved on and beyond the limit mentioned. It is clearly established that the ewes were very poor and weak and that many of the lambs had to be carried by the herders—carrying as many as they could a short distance and putting them down and going back for others and so on during the drive. This is the substance of the entire evidence as to the manner of the commission of the wrongs complained of by plaintiffs.

Appellant argues that the evidence is not sufficient to support the verdict, for the reason that he was not *herding* or *grazing* his sheep within the meaning of section 1210, Revised Statutes, which is as follows: "It is not lawful for any person owning or having charge of sheep to herd the same, or permit them to be herded on the land or possessory claims of other persons, or to herd the same or permit them to graze within two miles of the dwelling-house of the owner or owners of such possessory claim."

The important question presented for our consideration is: Does the statute undertake to prohibit the driving of sheep through the state or from one point to another therein? It certainly does not. The legislature in making it unlawful to "herd" sheep or permit them to "graze" within two miles of the dwelling-house of the settler never meant to include in those terms the mere driving of sheep through the country, or from one feeding or grazing place to another. If they had meant such a thing their acts would have been futile and in violation of both the state and federal constitutions as well as the acts

of Congress. We must construe this enactment in the light of the objects the legislature had in view. We assume that those objects were lawful, and therefore conclude that driving stock from one range to another is not "herding" them, nor is the occasional eating of grass, as they go or while stopped for needed rest, "grazing" as contemplated by the lawmakers when enacting the foregoing statute. This, like any other fact in the case, is a question for the jury, and where there is a substantial conflict in the evidence the verdict will not be disturbed. In this case, however, there is no substantial conflict in the evidence. It is undisputed that defendant was moving his band of sheep across the country to the range and beyond the two-mile limit of plaintiff's dwelling. It is true that several witnesses testified that the sheep were "grazing" and were being "herded," but these were mere conclusions, and when they testified to the facts from which these conclusions were drawn it was apparent that such conclusions were not justified under the statute.

The judgment is reversed and cause remanded. Costs awarded to appellant.

Sullivan, C. J., concurs.

Stockslager, J., concurs in the conclusion reached.