(January 20, 1905.)

SPENCER v. MORGAN.
[79 Pac. 459.]

CONSTITUTIONAL LAW—TWO-MILE LIMIT LAW—HERDING AND GRAZING SHEEP—DAMAGES—ELEMENT OF—CONFLICT IN EVIDENCE.

1. The construction placed on sections 1210 and 1211, Revised Statutes, in the cases of *Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 795, and *Sweet v. Ballentine,* 8 Idaho, 431, 69 Pac. 995, holding the provisions of said sections constitutional is the settled law of this state.

2. The keeping of livestock is under the police regulation of the state, and such police regulation extends over the public lands of the United States within the state.

3. Under the provisions of section 1320, Revised Statutes, the land owner is not required to fence against sheep or swine.

4. Where there is a substantial conflict in the evidence the verdict and judgment will not be reversed.

APPEAL from the District Court of Owyhee County. Honorable George H. Stewart, Judge.

Action to recover damages for the herding and grazing of sheep under the provisions of sections 1210 and 1211, Revised Statutes. Judgment for plaintiff. Affirmed.

J. F. Nugent and S. H. Hays, for Appellant.

There is an implied license given by the United States to all owners of stock to graze them upon the public lands. (*Buford v. Houtz,* 133 U. S. 320, 10 Sup. Ct. Rep. 305, 33 L. ed. 618.) In this case it appears that the dwelling-house was out of the sight of the herder, who was not nearer to it than a mile and a tenth; that he did not know he was within the limit and would have stayed out had he known where the limit was. He had received orders from the owner to move to another locality and was actually moving when notified that he was within the limit. It is still the duty of the farmer to fence against sheep. (Rev. Stats., sec. 1320; *Knight v. Abert,* 6 Pa. St. 472, 47 Am. Dec. 478.) It was the duty of the plaintiff to make reasonable efforts to prevent the damages suffered, and there can be no recovery of such damages as might have been so prevented. (8 Am. & Eng. Ency. of Law, 2d ed., 605, 690.) The line of plaintiff's two-mile limit could have been indicated at an expense of about $10. It was the duty of the plaintiff to make a reasonable expenditure to avoid damage. (8 Am. & Eng. Ency. of Law, 2d ed., 606.)

E. Nugent and Perky & Blaine, for Respondent.

The provisions of our law questioned by this appeal have been sustained by repeated decisions of this court as a proper exercise of the police power. It would be difficult to find a ques-

tion in all the litigation of this court more definitely settled in our jurisprudence. In the distribution of the governmental powers under the federal constitution, the bulk of the police power remains with the states. The framers of the constitution of the United States proceeded upon the principle that the restrictive control and care of social and economic interests should be left with the member states except where diversity of regulation would be an impediment to national development. (Freund on Police Powers, sec. 64.) The common-law rule that a man must confine his domestic animals to his own inclosure has never obtained in this state. (*Johnson v. Oregon Short Line R. Co.,* 7 Idaho, 355, 63 Pac. 112, 53 L. R. A. 744, decided December 5, 1900.) The law under consideration excluding sheep from a portion of the range and to that extent modifying the doctrine of *Johnson v. Oregon Short Line R. Co., supra,* was upheld by this court June 21, 1901. (*Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785, the doctrine of which decision has been upheld by repeated decisions since.) As generally sustaining the right of the legislature to modify or abrogate the common-law rule, and that range rights are a proper subject of state legislation, see 2 Cyclopedia, 393-396. Statutes regulating range rights and fence laws may discriminate against sheep. (*French v. Cresswell,* 13 Or. 418, 11 Pac. 62.) The common law can be re-enacted as to a particular kind of stock. (*Wells v. Beal,* 9 Kan. 597.) This court has held that a violation of section 1210, Revised Statutes, is a nuisance, and that the liability for damages is in the nature of a penalty. The court has further expressly held that the settler has an ownership, in common with others, in the grass within "the two-mile limit," and that such ownership is exclusive as against the owners and herders of sheep. (*Sweet v. Ballentyne,* 8 Idaho, 431, 69 Pac. 995.)

SULLIVAN, J.—This action was brought by the respondent as plaintiff in the probate court of Owyhee county, on December 8, 1902. From a judgment in favor of the plaintiff in that court an appeal was taken to the district court. On a trial in that court verdict and judgment were rendered and en-

tered in favor of the plaintiff, and a motion for a new trial was overruled. The suit was brought to recover damages alleged to have been sustained by reason of the appellants herding and grazing their sheep within two miles of the residence of the plaintiff, and was brought under the provisions of the law commonly known as the "two-mile limit law," as embodied in sections 1210 and 1211 of the Revised Statutes. On the verdict of a jury judgment was rendered in favor of the respondent for $299 and costs of suit. The appeal is from the judgment and order denying a new trial. It is conceded that the land upon which appellants grazed and herded their sheep is unoccupied and unappropriated public land of the United States.

It is first contended that said law is unconstitutional, for the reason that it is in violation of the fourteenth amendment to the constitution of the United States, in that it denies to appellants the equal protection of the law and deprives them of their property without due process of law; that there is an implied license given by the United States to all owners of stock to graze them upon the public lands.

The constitutionality of the provisions of said sections 1210 and 1211 has been passed upon by this court in *Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785, *Sweet v. Ballentine,* 8 Idaho, 431, 69 Pac. 995, *Phipps v. Grover,* 9 Idaho, 415, 75 Pac. 64, and *Walling v. Bown,* 9 Idaho, 184, 76 Pac. 318. In those cases it was held that the provisions of said sections were within the reasonable police powers of the state and not repugnant to the provisions of the fourteenth amendment of the federal constitution or to any of the provisions of the constitution of this state. In support of that contention appellants cite *Buford v. Houtz,* 133 U. S. 320, 10 Sup. Ct. Rep. 305, 33 L. ed. 320, which it is claimed holds that the implied license given by the United States to all classes of stock to graze upon the public lands is a property right which the state cannot take away, and that such license has been extended to stock of every description, and that the state cannot confine it to a particular class or within special limits. That case was from the then territory of Utah, and decided under the laws of that territory,

now state. It is there held that the rule of the common law, to wit, that the owner of domestic animals was liable for trespass of such animals upon the uninclosed land of his neighbor has never prevailed in that state. By the statute law of that territory, domestic animals, when not dangerous, were permitted to run at large without responsibility for their getting upon such lands, and the decision of *Buford v. Houtz* was rendered with that statute in view. In this state the running of hogs at large is prohibited and the herding and grazing of sheep is prohibited within two miles of an inhabited dwelling. The decision in the case of *Buford v. Houtz, supra,* is commented upon and quoted at considerable length in *Northern Pac. Ry. Co. v. Cunningham,* 89 Fed. 594. The court there said: "The case of *Buford v. Houtz,* 133 U. S. 320-332, 10 Sup. Ct. Rep. 307, 33 L. ed. 320, upon which the defendant relies, would be conclusive in his favor upon this hearing, if the local law upon which that decision rests prevailed in this state. In the opinion by Mr. Justice Miller, the supreme court is careful to make it clear that in Utah, where the case arose, the rule of the common law, that the owner of domestic animals should be liable for their trespassing upon uninclosed land of his neighbor, does not prevail, but, on the contrary, his right to permit them, when not dangerous, to run at large, without responsibility for their getting upon such land of his neighbor is a part of the statute law." It was not intended by the decision in *Buford v. Houtz,* or of any other decision of the supreme court of the United States which we have examined, to prohibit a state from enacting reasonable police regulations as to the keeping of livestock within the state and extending such regulations over livestock that may be herded or grazed on the public domain within the state.

Tiedeman, in his work on State and Federal Control of Persons and Property, at page 838, says: "In every state the keeping of livestock is under police regulation. . . . . The clash of interest between stockraising and farming calls for the interference of the state by the institution of police regulations; and whether the regulations shall subordinate the stockraising interest to that of farming, or *vice versa,* in the case of an ir-

reconcilable difference, as is the case with respect to the going at large of cattle, is a matter for the legislative discretion, and is not a judicial question. In the exercise of this general power of control over the keeping of livestock, the state or municipal corporation may prohibit altogether the running at large of such animals, and compel the owners to keep them within their own inclosures."

The views of this court on the constitutionality of said sections 1210 and 1211 are quite fully set forth in decisions of this court above cited, and we hereby affirm the views therein expressed. Under the provisions of said sections the penalty prescribed is the damage sustained by the injured party, and as to an element of damages this court said in *Sweet v. Ballentine,* 8 Idaho, 431, 69 Pac. 1002: "The giving of damages for the destruction of grasses on the public domain, by sheep within two miles of the dwelling of the settler, is not based upon the idea that the settler has a vested property right in such grasses. The settler is permitted, under the law, to recover such damages as a penalty against the petitioner because the latter has done that which the law forbids and makes unlawful. And said statute was not framed on the idea that the settler had a vested right in the grasses growing on the public domain, but on the theory that one who violated said law should pay as a penalty for his unlawful act all damages that a settler had sustained by reason of such violation." And I think the actual damage sustained by the settler by reason of the destruction of the grasses within the two-mile limit is a proper element of damages in this class of cases.

It is contended that it is the duty of the farmer to fence against sheep under the provision of section 1320, Revised Statutes. Said section is as follows: "Any person having any inclosure in conformity with the provisions of chapter 1 of this title is deemed to possess a lawful inclosure, and if any horses, mules, jacks, jennies, cattle, hogs or sheep break into such inclosure, the attorney or party injured has a lien upon such animals until he is recompensed for all damages committed by said animals; provided, that persons owning or occupying any lands which are inclosed by any watercourse or natural em-

bankment, or hill, or any cliff or rocks, may have the same examined by viewers as is provided in this chapter, and if such appraisers report the same a sufficient inclosure, it must be deemed a lawful inclosure."

Chapter 1 of the title, as amended, provides what shall constitute a lawful fence, and it is obvious if a wire fence be so constructed as to constitute a lawful fence it *would turn neither hogs nor sheep.*

The question of contributory negligence on the part of the respondent is raised on the ground that he failed to post notices of the two-mile limit line around his residence. There is no merit in this contention. Another contention is that the damages awarded are excessive. There is a conflict in the evidence upon that point, the plaintiff estimating his damages from $200 to $500, and the respondent, Reynolds, estimated the damages at about $45. There being a substantial conflict in the evidence on this point, this court is not inclined to disturb the verdict and judgment. The judgment is affirmed with costs in favor of the respondent

AILSHIE, J., Concurring.—I have heretofore, in *Walling v. Bown*, 9 Idaho, 184, 76 Pac. 318, expressed the opinion that the question as to the constitutionality of sections 1210 and 1211, Revised Statutes, is a subject no longer open to judicial consideration and determination in this state. In concluding that opinion I said: "The writer of this opinion is of the belief that, whatever might be our judgment now, we would be wholly unjustified in opening these questions for further consideration by this court." I have in no respect changed my mind on this phase of the case since the Walling-Bown opinion was announced; and, indeed, I think the reasons even stronger now then they were then for applying the principles of *stare decisis* to the question there considered.

Upon the point that the damage allowed in this case is excessive, I have examined the evidence and find such a conflict as will prevent this court from disturbing the judgment. For the foregoing reasons I concur in affirming the judgment.

Points decided.

STOCKSLAGER, C. J., Dissenting.—For the reasons expressed in *Sweet v. Ballentine,* 8 Idaho, 431, 69 Pac. 995, I cannot concur in the conclusion reached by Mr. Justice Sullivan, and for the reasons expressed in *Walling v. Bown,* 9 Idaho, 184, 76 Pac. 318, I cannot concur in the concurring conclusion reached by Mr. Justice Ailshie.