(June 1, 1905.)

# WALKER v. BACON.

[81 Pac. 155.]

TWO-MILE LIMIT LAW—SECTIONS 1210 AND 1211, REVISED STATUTES.

1. A judgment duly and regularly rendered and entered under the provisions of sections 1210 and 1211 of the Revised Statutes of 1887, known as the two-mile limit law, affirmed under previous decisions of this court.

(Stockslager, C. J., dissenting.)

APPEAL from the District Court of Elmore County. Honorable Lyttleton Price, Judge.

Action to recover damages under what is known as the two-mile limit law. Judgment for plaintiff. Affirmed.

Wyman & Wyman, for Appellant.

The policy of the United States as to their public lands not only permits, but encourages, their use for the purpose of pasturing all kinds of livestock. This is the result of no recent legislation or declaration, but has been the settled policy of all departments of the government from our earliest history. (*Buford v. Houtz,* 133 U. S. 320, 10 Sup. Ct. Rep. 305, 33 L. ed. 618; *Kelley v. Rhoades,* 188 U. S. 1, 23 Sup. Ct. Rep. 259, 47 L. ed. 359.) The same policy as to fence laws shown in *Buford v. Houtz* to prevail in Utah prevails here also. (Idaho Rev. Stats., secs. 1300, 1311; *Johnson v. Oregon Short Line R. R. Co.,* 7 Idaho, 355, 63 Pac. 112, 53 L. R. A. 744; *Northern Pac. Ry. Co. v. Cunningham,* 89 Fed. 594.) The police control must be general in its application and embrace in its operation all persons or classes of persons who are under substantially similar circumstances. It is not denied that classifications are permitted, but these must not be made arbitrarily, and between the classes thus made there must be some real and substantial difference in principle. (*Barbier v. Connolly,* 113 U. S. 27, 5 Sup. Ct. Rep. 357, 28 L. ed. 923; *Yick v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. Rep. 1064, 30 L. ed. 220; *Hayes v. Missouri,* 120 U. S. 68, 7 Sup.

Ct. Rep. 350, 30 L. ed. 578.) The following cases show classifications which have been held to be permissible: *Missouri Pac. R. Co. v. Mackay,* 127 U. S. 205, 8 Sup. Ct. Rep. 1161, 3^ L. ed. 107; *Minneapolis etc. R. Co. v. Beckwith,* 129 U. S. 26, 9 Sup. Ct. Rep. 207, 32 L. ed. 585; *Minneapolis etc. R. Co. v. Herrick,* 127 U. S. 210, 8 Sup. Ct. Rep. 1176, 32 L. ed. 109; *Magoun v. Illinois Trust etc. Bank,* 170 U. S. 283, 18 Sup. Ct. Rep. 594, 42 L. ed. 1037; *W. W. Cargill Co. v. Minnesota etc.,* 180 U. S. 452, 12 Sup. Ct. Rep. 423, 45 L. ed. 619; *American Sugar Refining Co. v. Louisiana,* 179 U. S. 89, 21 Sup. Ct. Rep. 43, 45 L. ed. 102; *Bells Gap R. R. v. Commonwealth,* 134 U. S. 232, 10 Sup. Ct. Rep. 533, 33 L. ed. 892. In the following cases classifications have been held to be in violation of the fourteenth amendment and therefore void: *Gulf Co. etc. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. Rep. 255, 41 L. ed. 666; *Cotting v. Kansas City S. Y. Co.,* 183 U. S. 79, 22 Sup. Ct. Rep. 30, 46 L. ed. 92; *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. Rep. 431, 46 L. ed. 679. Not only does the act in question deny to the defendant here the equal protection of the laws, but by it and by the judgment rendered in this case he is deprived of his property without due process of law. It is conceded that the defendant has no property interest in the grass growing upon the public domain which the federal government might not have terminated at any time; but so far as plaintiffs are concerned, it must also be conceded that the defendant had a right in common with them to reduce this herbage to possession. And while the defendant had no vested right in those grasses, it is equally true that the plaintiffs had none, and to take defendant's money in value equal to that of such grasses as plaintiffs would have appropriated and give this money to them in the form of damages, is certainly the taking of defendant's property (i. e., his money) without due process of law. The force of this argument cannot be avoided by saying that the statute is penal in its nature or *quasi* criminal, as statutes penal in nature come within the provisions of the fourteenth amendment. (*Connolly v. Union*

*Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. Rep. 431, 46 L. ed. 679.)

W. C. Howie, for Respondents.

As will be clearly seen, this is an action under the "two-mile limit law," and the only question in the case is the constitutionality of that law; this court having repeatedly held that law constitutional, and having held that question to be now *stare decisis.* (*Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785; *Sweet v. Ballentyne,* 8 Idaho, 431, 69 Pac. 995; *Walling v. Bown,* 9 Idaho, 740, 76 Pac. 318.)

SULLIVAN, J.—This is an action brought to recover damages for herding and grazing sheep within two miles of the dwelling of the plaintiff under the provisions of sections 1210 and 1211 of the Revised Statutes. To the complaint the defendant interposed an answer not denying any of the allegations of the complaint, but set up as a defense the unconstitutionality of the provisions of said sections. Counsel for the respondent thereupon moved for judgment on the pleadings, which motion was granted by the court and judgment was entered against the appellant for the sum of $100 and costs of suit, from which judgment this appeal is taken.

This appeal involves the constitutionality of the provisions of said sections of our Revised Statutes, and on the decisions of this court in the cases of *Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785, *Sweet v. Ballentyne,* 8 Idaho, 431, 69 Pac. 995; *Walling v. Bown,* 9 Idaho, 184, 72 Pac. 960, *Phipps v. Gover,* 9 Idaho, 415, 75 Pac. 64, *Walling v. Bown,* 9 Idaho, 740, 76 Pac. 318, and *Spencer v. Morgan,* 10 Idaho, 542, 79 Pac. 459. The judgment of the court must be affirmed, and it is so ordered. The costs of this appeal are awarded to the respondents.

Ailshie, J., concurs.

Stockslager, C. J., dissents.

ON PETITION FOR REHEARING.
(June 20, 1905.)

AILSHIE, J.—The petition for a rehearing in this case does not present any matter not heretofore considered by the court. The position of this court on the questions presented is well defined by the numerous opinions in the various cases heretofore cited in this case. The petition is denied.

Sullivan, J., concurs.

Stockslager, C. J., dissents.