(March 19, 1913.)

# W. C. CLEVELAND, Respondent, v. JACK WALLACE et al., Appellants.

## [131 Pac. 10.]

TWO-MILE LIMIT LAW—TRESPASSING SHEEP—UNKNOWN OWNER—AC-
TION FOR DAMAGES—PROCEEDING IN REM—SALE OF TRESPASSING
ANIMALS.

1. Under secs. 1217 and 1218, Rev. Codes, known as the two-mile limit law, a right of action is given against any person owning or having in his charge any sheep that are allowed to herd or graze within two miles of a dwelling-house, and where the owner thereof is not known or cannot be ascertained, the person who has sustained damages by reason of the trespass may proceed against the property under secs. 1294 and 1296 of the general trespass law of the state.

2. Sec. 1219 of the Rev. Codes provides that where the owner of trespassing sheep is unknown to the party injured, such party may, at his option, treat the trespassing animals as estrays, but under the estray laws no damages can be collected,—such laws providing only for the disposition of the estray and the collection of the necessary costs and expense incurred in taking up and disposing of the animal.

3. Sec. 4230 of the Rev. Codes authorizes the prosecution of an action against a defendant whose name is unknown, and allows the plaintiff to proceed against a defendant without giving his true name where he has been unable to ascertain the true name, and sec. 1294 of the general trespass law recognizes the same principle, and authorizes a proceeding for the assessment of damages against the trespassing animals, and provides that the amount assessed shall not be a personal judgment against the owner of the animal but can only bind the property itself.

4. Sec. 3925, Rev. Codes, provides that when jurisdiction is conferred upon a court or judicial officer, all means necessary to carry the statute into effect is also given, and that in the exercise of that jurisdiction, if the course of proceedings is not specifically pointed out by the statute, the court may adopt any suitable process or mode of proceeding which may appear most conformable to the spirit of the law, and in pursuance of the authority of this statute and the right of action conferred by secs. 1217 and 1218, Rev. Codes, it is proper for a justice's court to proceed under the provisions of secs.

1294 and 1296, Rev. Codes, in a case where it is charged that the owner of trespassing sheep is unknown to the plaintiff, and that he is unable to ascertain the name of the owner, and the animals are taken into the possession of the plaintiff in the action and subsequently delivered to the officer who levies upon them under the execution issued by the justice.

5. It is not necessary in this state to fence against sheep, and so in an action under the provisions of sec. 1294, Rev. Codes, for the recovery of damages for the trespass of sheep in violation of the provisions of secs. 1217 and 1218, Rev. Codes, it is unnecessary to appoint appraisers therein provided for.

APPEAL from the District Court of the Fourth Judicial District for Blaine County.   Hon. Edward A. Walters, Judge.

Action for damages.   Judgment for plaintiff.   Defendants appeal.   *Reversed.*

J. W. Edgerton and Sullivan & Sullivan, for Appellants.

If procedure not pointed out, suitable one may be adopted. (*Crane v. Cummings,* 137 Cal. 201, 69 Pac. 984; *Scadden Flat G. M. Co. v. Scadden,* 121 Cal. 33, 53 Pac. 440.)

It is not necessary in this state to fence against sheep. (*Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459.)   But every man is bound to keep his animals on his own premises at his peril, and is liable for any damages they may do by trespassing.   (2 Am. & Eng. Ency. of Law, 354; 2 Cyc. 392.)

The destruction of the grasses and herbage by sheep within two miles of the dwelling-house of another is sufficient damage to the owner of horses and cattle to support distraint. (*Sweet v. Ballentyne,* 8 Ida. 438, 69 Pac. 995.)

The jurisdiction rests upon the seizure of the property or the court's authority over the status in controversy.   It is not essential there should be personal service on any individual, although there must be such publication or constructive notice as the law requires by which persons interested or to be affected are supposed to be informed of the proceeding.   (23 Cyc. 1407, 1408.)

It is no objection to the proceedings that personal notice to the owner or other claimant of the property is not made neces-

sary by the act, or essential to the jurisdiction of the magistrate, or that the proceedings are to some extent summary. (*Campbell v. Evans,* 45 N. Y. 358.)

If the proceedings in the nature of proceedings *in rem* were followed as provided by our statute, then the same rule would apply to the judgment as if it were a personal judgment. (23 Cyc. 1090, 1408, 1409; Black's Constitutional Law, 592; *Southern Cal. Fruit Exch. v. Stamm,* 9 N. M. 361, 54 Pac. 345.)

Frawley & Block and McFadden & Brodhead, for Respondent.

The unauthorized proceedings and pretended judgments in the justice court were absolutely void, and the trial court's ruling declaring same null and void was clearly warranted and entirely legal. The two-mile limit law creates not only an entirely new right and an entirely new duty, but it also prescribes a particular remedy whereby the injured party may obtain redress. This being true, the party injured is bound to follow the statutory remedy for redress, and can adopt no other remedy. (1 Cyc. 707; Sutherland on Stat. Const., 2d ed., p. 1056; 1 Dec. Dig., tit. "Actions," sec. 35; 1 Cent. Dig., tit. "Actions," sec. 275; *Janney v. Buell,* 55 Ala. 408; *People v. Craycroft,* 2 Cal. 243, 56 Am. Dec. 331; *McKinney v. Monongahela Nav. Co.,* 14 Pa. 65, 53 Am. Dec. 518; *State v. Poulterer,* 16 Cal. 531.)

"A personal judgment rendered against a defendant without notice to him, or an appearance by him, is without jurisdiction, and is utterly and entirely void." (*Enewold v. Olson,* 39 Neb. 59, 42 Am. St. 557, 57 N. W. 765, 22 L. R. A. 573; Black on Judgments, sec. 220; 32 Cyc. 436; *Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614.)

AILSHIE, C. J.—This action involves the validity of certain judgments and execution sales had under secs. 1217 and 1218 of the Rev. Codes, popularly known as the two-mile limit law. A band of sheep, which subsequent events have disclosed belonged to respondent herein, were herded and grazed

for something like a week within two miles of the dwelling-house of the appellants Couch and Wallace. The band of sheep numbered something like 2,500, and was herded by a Basque, who either could not or would not speak English. Couch and Wallace endeavored to learn the name of the owner of the sheep but were unable to do so. On June 5th Couch and Wallace each commenced an action in the justice's court of the precinct wherein the trespass was committed for the recovery of damages under the two-mile limit law. Their actions were commenced and summonses were issued against John Doe, whose real name was alleged to be unknown to the plaintiffs. The summonses were served on the Basque herder and a return was made that service had been made on the defendant named in the complaint and summons. Upon the return day, no appearance was made on behalf of the defendant, and the true name of the defendant was still unknown to the plaintiffs. They introduced their evidence and judgments were entered in favor of the plaintiffs. The judgments were entered as judgments *in rem* against the sheep and there were no personal judgments against anyone. In these judgments the justice of the peace recited the fact that it appeared to him that a band of sheep had been taken charge of by the respective plaintiffs Couch and Wallace on the 6th day of June, which was the day following the filing of the complaints, and that they had been in possession of the sheep from that date until the date of the entry of judgment, and the judgment thereupon ordered and adjudged that a sufficient number of the trespassing sheep be sold to satisfy the judgments and costs. Executions were issued to the constable, reciting the amounts of the respective judgments, and directing him to levy upon the sheep and sell a sufficient number to satisfy these judgments. The constable thereupon proceeded in accordance with the statute, directing the manner of execution sales, and sold some 85 head, from which he realized sufficient to pay the judgments and costs and expenses of sale. Thereafter the respondent Cleveland commenced this action against Couch and Wallace and the constable to recover damages representing the loss

alleged to have been sustained by reason of the sale of these sheep. Judgment was entered in favor of Cleveland, and this appeal was thereupon prosecuted.

The question presented on this appeal is the jurisdiction of the justice of the peace to enter the judgments in favor of Couch and Wallace and to issue execution thereon and the regularity of the proceedings had thereon. The appellants proceeded in the lower court upon the theory that secs. 1217 and 1218, known as the two-mile limit law, gave them a right of action against the owner of these sheep, whether known or unknown, and that under those provisions of the statute they were entitled to recover a judgment for the trespass committed. They took the further position that, since those statutes prescribe no procedure for obtaining relief where the owner of the trespassing sheep is unknown, that they might then have recourse to the general trespass law of the state dealing with trespassing animals generally, and pursue the remedy therein prescribed to be pursued where the owner of the animals is unknown. They accordingly rely upon the provisions of secs. 1294 and 1296, Rev. Codes, dealing with the subject of trespassing animals. The respondent contends, however, that appellants failed even to comply with the provisions of sec. 1294, in that the owner of the animals was not served with process, and that the justice of the peace failed to appoint the appraisers therein provided for to examine the fences and testify concerning their condition.

Appellants admit that no appraisers were appointed, and they justify the action of the justice of the peace in failing to appoint appraisers, upon the ground that it is not necessary in this state to fence against sheep (*Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459), and on the further ground that sheep are trespassing animals when herding on the public domain anywhere within two miles of a dwelling-house. It is clear to us in the outset that if secs. 1294 and 1296 of the Rev. Codes are applicable and may be resorted to as a remedy in such a case under the two-mile limit law, that it was unnecessary for the justice of the peace to appoint appraisers in this case. The reason is apparent. The matter of a suffi-

cient fence or no fence at all would have been entirely imma-
terial, and it was unnecessary to have any evidence produced
on that question. The only question was as to whether the
animals had herded or grazed within two miles of the dwell-
ing-house of the plaintiff in the action and, if so, the amount
of damages sustained thereby.

Now, then, the question remaining to be determined is: Did
the appellants here pursue the right remedy in the justice
court in procuring their judgments and causing the respond-
ent's property to be seized and sold? It is clear that secs.
1217 and 1218, known as the two-mile limit law, gave them
a right of action, and, if they could make their proofs, en-
titled them to recover damages. If, however, they could not
ascertain the name of the owner of the property and could
not secure service on him, then they could obtain no personal
judgment against him. The question then recurs, is there
any other remedy to be found in the statutes applicable to
this case and which might be invoked in aid of the right of
action granted by these sections of the statute? Sec. 1219
recognizes the fact that the owner or agent of the owner may
be "unknown to the party injured by such trespass," and that
section authorizes such trespassing sheep to be dealt with
under the estray laws if the party so chooses. The estray
laws, however, secs. 1299 to 1301, inclusive, do not provide
for or contemplate the recovery or collection of any private
*damages* by the taker-up of estrays or by anyone. *Those
statutes provide only for the disposition of the estrays and the
payment of the necessary costs and charges incident thereto.*
Turning, however, to the statutes dealing with trespassing
animals generally, we find that secs. 1294 and 1296 provide
a remedy for all cases where the owner of the trespassing
animals is unknown, and sec. 1294 specifically provides that
"such judgment only binds said property." Sec. 4230, Rev.
Codes, recognizes the fact that it may sometimes be necessary
to prosecute an action against a defendant whose name is
unknown to the plaintiff, and it accordingly authorizes such
a proceeding. Sec. 3925 of the Rev. Codes provides that,
"When jurisdiction is, by this code or by any other statute,

conferred on a court or judicial officer all the means neces-
sary to carry it into effect are also given; and in the exercise
of the jurisdiction if the course of proceedings be not specially
pointed out by this code, or the statute, any suitable process
or mode of proceeding may be adopted which may appear
most conformable to the spirit of this code." It would seem,
therefore, that where a party is given a right of action under
secs. 1217 and 1218, but, owing to his inability to ascertain
who is the owner of the trespassing animals and is really re-
sponsible for the injury, he cannot therefore procure a per-
sonal judgment against the owner, he may avail himself of
the appropriate remedy provided by statute in cases where the
owner is unknown, whereby the relief is sought and the
remedy is had against the property alone. In such a case,
while the party injured cannot ascertain the name of the
owner, he can lay hold upon and identify the property which
has caused the injury. The procedure provided by secs. 1294
and 1296 gives a judicial hearing, requires proofs, gives public
notice both of the hearing and of the seizure and sale of the
property. This accords the party, whoever he may be, that
is the owner of the property, due process of law, in so far as
the judgment affects the specific property involved. In cases
where it is charged that animals have trespassed against
which it is required to maintain lawful fences, then it is neces-
sary for the justice of the peace to appoint the appraisers
provided for by section 1294. In case, however, where the
charge is a violation of the two-mile limit law by the tres-
passing of sheep, the appointment of such appraisers would
be a useless thing and could accomplish no purpose whatever,
and such appraisers would be unable to testify to any essen-
tial or material fact in the case.

The trial court erred in ruling that the proceedings of the
justice's court were without jurisdiction, and that the sale
of the sheep on execution issued from the justice court was
unauthorized and void.

For the foregoing reasons, the judgment of the lower court
must be reversed, and it is so ordered, and the cause is re-
manded, with direction to grant a new trial or take such

further proceedings in accordance with the views herein expressed as may be necessary to a proper disposition of this case. Costs awarded in favor of appellants.

Stewart, J., concurs.

Sullivan, J., did not sit at the hearing and took no part in the case.