## ALLEN v. ALLEN.

No. 2766.   Decided September 17, 1915.   (151 Pac. 982).

1. COURTS—TRANSITORY ACTIONS—TRESPASS TO PERSONALTY.  Where defendant's cattle entered upon plaintiff's land and ate plaintiff's wheat, which was in stacks, an action for damages, wherein no damages for injuries to the realty were claimed, is transitory and need not be brought in the state where the land was located.   (Page 146.)

2. FENCES—DUTY TO FENCE—STATUTE.  Rev. Codes Idaho 1908, section 1266, declares that when two or more persons own adjoining land which is inclosed by one fence, and it becomes necessary that a partition fence be made for the protection of the rights of one party, the others, when notified, must cause to be erected one-half of such partition fence, or it may be erected by the party giving the notice, and one-half of the cost recovered. Section 1267 declares that each adjoining landowner, unless both otherwise agree, shall repair one-half the fence; while section 1268 declares that when one of such adjoining proprietors has allowed his land to lie uninclosed, and afterwards incloses it, he owes and is indebted to the other owner for one-half of the value of any division fence owned by the other and used in forming such inclosure.   Under the Idaho statutes cattle are allowed to run at large.   *Held*, that the statute, while modifying the common-law rules as to lands not inclosed from the highways, did not modify the common-law rule as to a proprietor whose land was inclosed from the highway, and in such case each owner is bound at his peril to keep his cattle on his own premises.   (Page 146.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by H. H. Allen against Joseph S. Allen.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Walters & Harris,* for appellant.

*Leon Fonnesbeck,* for respondent.

STRAUP, C. J.

The plaintiff and the defendant, both residents of Utah, own adjoining lands in Idaho. The complaint is in four counts, that the defendant's cattle at different times entered upon different lands of the plaintiff and ate and destroyed his wheat in stacks, cut and severed from his lands. The plaintiff had judgment, from which the defendant appeals.

The first point made is that the action is local and the Utah courts without jurisdiction of subject-matter. No damages are alleged, claimed, or awarded for injury to the realty They were only for the loss of the wheat in stacks. The wheat cut and severed from the realty and put in stacks became personal property. 8 R. C. L. 357. The action, therefore, was transitory. *McGonigle* v. *Atchison,* 33 Kan. 726, 7 Pac. 550; *McKenna* v. *Fisk,* 1 How. 241, 11 L. Ed. 117. We think the court had jurisdiction.

A further point is made on the complaint and on the charge. The Idaho fence law was pleaded, and the case tried on that theory. The statute of that state (R. C. Idaho, 1908, tit. 8, c. 10, section 1266) provides:

"When two or more persons own land adjoining which is inclosed by one fence, and it becomes necessary for the protection of the rights and interests of one party that a partition fence be made between them, the other or others, when notified, must proceed to erect, or cause to be erected, one-half of such partition fence; said fence to be erected on, or as near as practicable to, the line of the said land. And if, after notice given in writing, either party fails to erect and complete, within six months' time thereafter, one-half of such fence, the party giving the notice may proceed to erect the entire partition fence and collect by law one-half of the costs of such fence from the other party, and he has a lien upon the land thus partitioned:

The next section provides:

"Each adjoining landowner, unless both otherwise agree, or unless other arrangements have heretofore been made, must construct and keep in repair that half of the line fence between their respective tracts of land which is to his left when he is standing on his own land facing the other," etc.

It is further (section 1268) provided:

"When one of such adjoining proprietors has allowed his land to lie uninclosed, and afterwards incloses it, he owes and is indebted to such adjoining owner one-half the value of any division fence owned by the other, used by him in forming such inclosure; and each must thereafter keep one-half of such fence in repair."

The statute also provides what shall be a lawful fence. The plaintiff's and defendant's lands were inclosed by one out-side fence. As to the first and the second causes of action there is evidence to show that there was an insufficient and defective partition fence between the lands of the plaintiff and the defendant, in the first it being alleged that the defendant removed a portion of the partition fence. As to the third count, no partition fence had ever been erected. As to the fourth, a partition fence had been built, but was destroyed by fire.

The court, after charging that, under the provisions of the fence law of Idaho, cattle were "permitted to run at large, and thus to graze upon lands not inclosed by a lawful fence," and, after defining what was a lawful fence under that statute charged:

"And you are further instructed that this fence law applies only in favor of cattle running at large upon public high-ways, the public domain, or uninclosed private lands, and does not apply to cattle turned into one's own inclosure at a time knowing it was not separated from his neighbor's in-closure by any lawful partition fence sufficient to turn stock, and the owner of cattle has not the right to so dispose of his cattle that they may at will trespass and graze upon the lands of the other within the same general inclosure, and if he does so turn his cattle, and they do damage, he is responsible therefor."

The court further charged:

"If you find from a preponderance of the evidence that the lands described in the complaint, upon which it is claimed that damages were suffered, were either inclosed separately or jointly with other lands (and this fact is admitted as to the land described in the first cause of action) with a lawful fence,

and you should further so find that the defendant's animals trespassed and did damage thereon between the dates alleged in the complaint, then you are instructed to return a verdict for the plaintiff for the amount of damages so suffered by the plaintiff. If you find from the evidence that the plaintiff suffered damages from trespassing animals that were running at large upon the public domain or upon the public highways or upon uninclosed private ground, and that said animals strayed in and upon the premises described in the complaint by reason of the same not being inclosed by a lawful fence as in these instructions defined, you should return a verdict in favor of the defendant; but if you believe from the preponderance of the evidence that the defendant turned his cattle into one of his own inclosures, from which his said cattle could pass into another inclosure, at the time knowing that said inclosures was or were not separated from plaintiff's land by a lawful fence, then defendant cannot claim the benefit of the fence law, and if the cattle so turned, if you find defendant did so turn them, broke through an insufficient partition fence, or went upon the lands in said inclosure of another not separated by a partition fence, and done damage upon plaintiff's inclosed lands, defendant is liable.''

The point made is that the common law requiring every person to keep his cattle within his own close was modified by the Idaho statute to the extent that one was required to fence his close against his neighbor; and, as there are neither allegations nor proof that plaintiff's lands were so fenced, it is urged that the complaint is bad and the charge wrong. To support this *Spencer* v. *Morgan,* 10 Idaho, 542, 79 Pac. 459, is cited. We think the case does not support the contention; nor have we been referred to any decision from the Idaho court which does. This question, under a similar statute, was before the Washington court in the case of *Kobayashi* v. *Strangeway,* 64 Wash. 36, 116 Pac. 461. The court said:

"The question now before us is the extent to which our fencing statutes have abrogated, modified, or supplanted the common-law rule. There is no question but that these statutes require the owner of inclosed lands to fence against cattle and stock lawfully at large upon public highways, the public domain, or uninclosed private

lands. But do they require an owner of inclosed private lands to provide a partition fence which shall be a lawful fence as defined in sections 4977 and 4978, supra (Rem. & Bal. Code), between his private inclosure and the adjoining private inclosure of his neighbor? In other words, is he required to allege and show his maintenance of such a partition fence sufficient to exclude his neighbor's cattle as a condition precedent to the right to recover damages resulting from their trespass? It is conceded no partition fence has been demanded, constructed, or maintained in the manner provided by the statute. This being true, we conclude the common-law rule applies as between the owners of the adjoining inclosures, and that its obligations are imposed upon appellant, requiring him to restrain his cattle on his own land. His cattle were not upon the public highway, the public domain, or any uninclosed private land. On the contrary, they were turned into appellant's inclosure at a time when no lawful partition fence had been constructed or maintained between his inclosure and that of the respondent. In this state parties owning adjoining inclosures may secure the benefit of lawful partition fences, and apportion their cost, by availing themselves of the procedure announced in the fencing statute. If no lawful partition fence has thus been obtained or maintained, and one of the parties sees fit to turn his cattle into his own inclosure without first availing himself of the benefit of such statutory procedure, he must be held to the common-law obligation of keeping his cattle upon his own premises and liable for damages resulting from their trespass upon the inclosure of his neighbor."

We think that the proper construction of the Idaho statute. With that conclusion it follows the complaint is good and the charge right.

The judgment is therefore affirmed, with costs.

FRICK and McCARTY, JJ., concur.