(March 16, 1920.)

## J. A. TARTER, Respondent, v. M. H. HAND, Appellant.

[188 Pac. 39.]

APPEAL AND ERROR—PLEADING AND PRACTICE—TWO-MILE LIMIT LAW.

1. In an action to recover damages for permitting sheep to graze within two miles of the dwelling-house of the owner of a possessory claim, under C. S., section 1908, it is not necessary to allege that the lands upon which the sheep grazed were public lands of the United States.

2. Where an action is brought for herding and grazing sheep within two miles of plaintiff's dwelling-house, it is not essential, in order to state a cause of action, that the complaint particularly describe the possessory claim owned by the plaintiff upon which his dwelling-house is located.

3. A failure to prove that the lands of the plaintiff were the particular lands described in the complaint does not of itself render the evidence insufficient to support the verdict.

4. In an action brought for herding and grazing sheep within two miles of plaintiff's dwelling-house, it is not necessary to show that any of the lands within two miles of plaintiff's dwelling-house were public lands of the United States.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action to recover damages under "two-mile limit law." Judgment for plaintiff. *Affirmed.*

Ed. R. Coulter, for Appellant.

While sec. 1908, C. S., makes it unlawful to graze or range sheep within two miles of the dwelling-house of the owner of the lands or possessory claim, yet the courts have interpreted said section as meaning that it was unlawful to herd or graze sheep upon the public domain within two miles of such dwelling-house. (*Sweet v. Ballentyne*, 8 Ida. 431, 438, 69 Pac. 995; *Risse v. Collins*, 12 Ida. 689, 696, 87 Pac. 1006.) In fact, the section has always uniformly been construed by the

courts as applying only to grazing or herding sheep upon lands the title to which was still in the federal government.

There was testimony to the effect that at the time the sheep did the alleged damages they were being trailed over to their summer range and that they were not herded or permitted to graze, but were being trailed within the meaning of the word as used in *Phipps v. Grover,* 9 Ida. 415, 75 Pac. 64. The court erred in failing to give proper instructions covering this phase of the case.

Harris & Smith, for Respondent, file no brief.

RICE, J.—In his complaint in this action, respondent alleged that he was the owner of certain described land, upon which his dwelling-house was situated, and that appellant caused large bands of sheep to be herded and grazed within two miles of the dwelling-house for a period of three days, thereby destroying grass and forage to the damage of respondent.

A general demurrer was interposed and overruled. Appellant now specifies as error the order of the court overruling his demurrer.

He predicates error upon the proposition that the complaint failed to allege that the lands upon which the sheep were grazed and herded were public lands of the United States. C. S., section 1908, under which the action was brought, contains no provision to the effect that the herding or grazing must be upon public lands of the United States in order for the plaintiff to recover for damages sustained by him as provided by C. S., section 1909. The complaint was sufficient in that respect, and the demurrer was properly overruled.

Appellant also specifies as error the total lack of evidence to show that respondent was the owner of the lands described in the complaint. The evidence, in the absence of objection taken at the trial, is sufficient to show that respondent was the owner of certain lands in Washington county, and had his dwelling-house situated thereon. It is not essential that a complaint in an action of this character particularly describe

the possessory claim owned by the plaintiff upon which his dwelling-house is located. While a complaint which fails to describe the possessory claim of plaintiff might be uncertain, it would not, for that reason, fail to state a cause of action. A failure to prove that the lands of respondent were the particular lands described in the complaint does not of itself render the evidence insufficient to support the verdict. Appellant could not be injured by such failure of proof, unless he claimed that there was a variance between the pleadings and the proof. He makes no such claim, and it is apparent from the record that the case was tried by both parties upon the theory that the land described in the complaint was the land referred to in the evidence.

The appellant also contends that the proof, by an overwhelming preponderance, showed that respondent was not damaged by the alleged trespass. Upon this point there was substantial evidence to sustain the verdict.

Appellant further urges that the evidence shows that during the time appellant's sheep were within two miles of respondent's dwelling-house they were not grazing, but were trailing from the shearing plant to their range, and relies upon the case of *Phipps v. Grover,* 9 Ida. 415, 75 Pac. 64. There was sufficient evidence to justify the jury in finding that sheep belonging to the appellant were permitted to graze within two miles of respondent's dwelling-house in violation of the statute.

The last specification of appellant is that the evidence does not show that any of the lands within two miles of respondent's dwelling-house were public lands of the United States. This assignment is without merit. (*Smith v. Benson,* 32 Ida. 99, 178 Pac. 480.)

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.